UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Berry Milambo,<br><br>               Plaintiff,<br>v.<br><br>Brennan & Clark Ltd., L.L.C.; and DOES 1-10, inclusive,<br><br>               Defendants. | Civil Action No.: 3:12-cv-01397<br><br>COMPLAINT<br><br>October 1, 2012 |

For this Complaint, the Plaintiff, Berry Milambo, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Berry Milambo ("Plaintiff"), is an adult individual residing in West Heaven, Connecticut, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Brennan & Clark Ltd., L.L.C. ("Brennan"), is an Illinois

business entity with an address of 721 E Madison Street, Suite 200, Villa Park, Illinois 60181-3082, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Brennan and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Brennan at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $653.00 (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Brennan for collection, or Brennan was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Brennan Engages in Harassment and Abusive Tactics**

12. On September 11, 2012, Mariah, Defendants' collector, contacted the Plaintiff in an attempt to collect the Debt.

13. Plaintiff informed Mariah that he was experiencing difficult financial times but would like to start making payments beginning the third week of October 2012.

14. However, Defendants refused to negotiate with Plaintiff and falsely threatened to file a lawsuit against Plaintiff if he failed to contact Defendants with payment by 3:00 p.m. on the same day.

15. Moreover, Mariah falsely stated that Defendants would put a lien on Plaintiff's property and garnish his wages if he failed to pay the Debt.

16. When Plaintiff asked what the amount of the Debt was, Mariah stated that the total amount was $653.00 and added that it would increase up to $2,000.00 if Plaintiff failed to pay the Debt and Defendants filed a lawsuit against Plaintiff.

17. Further, Defendants failed to inform Plaintiff of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt

C. <u>Plaintiff Suffered Actual Damages</u>

18. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

<u>COUNT I</u>

<u>VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.</u>

20. The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

21. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with garnishment if the Debt was not paid.

24. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiff with attachment of his property if the Debt was not paid.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendants'

violations.

## COUNT II

## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT,

## Conn. Gen. Stat. § 42-110a, et seq.

30. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

32. The Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;
5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the

   intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

   **TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: October 1, 2012**

>  Respectfully submitted,
>
>  By   */s/ Sergei Lemberg*
>
>  Sergei Lemberg, Esq.
>  LEMBERG & ASSOCIATES L.L.C.
>  1100 Summer Street, 3rd Floor
>  Stamford, CT 06905
>  Telephone: (203) 653-2250
>  Facsimile:  (203) 653-3424
>  Attorney for Plaintiff